■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUNG PARK, JR., Appellant. [741 NYS2d 824] —Appeal from a judgment of Monroe County Court (Bellini, J.), entered June 1, 2001, convicting defendant upon his plea of guilty of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convict-

ing him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Defendant contends that, although the police had probable cause to stop his vehicle based on his failure to wear a seat belt, the officer's primary motive was to conduct a narcotics investigation, and thus the failure to wear a seat belt was merely a pretext for the stop. Defendant contends that County Court therefore erred in denying his suppression motion. We disagree. The Court of Appeals recently adopted the federal standard articulated in *Whren v United States* (517 US 806), determining that, "where a police officer has probable cause to believe that the driver of an automobile has committed a traffic violation, a stop does not violate article I, § 12 of the New York State Constitution" (*People v Robinson*, 97 NY2d 341, 349). Here, there is no dispute that defendant and his passenger violated the seat belt requirement set forth in Vehicle and Traffic Law § 1229-c (3), and the initial stop therefore was proper. The officer had received information that defendant's vehicle had been observed by the vice squad at a house under surveillance for drug activities, and thus the officer's question whether defendant had a weapon or "anything else" on him was supported by a "founded suspicion that criminality [was] afoot" (*People v Hollman*, 79 NY2d 181, 191; *see People v Lypka*, 36 NY2d 210, 213). Once defendant offered the officer the marijuana, the officer had probable cause to arrest defendant for unlawful possession (*see generally People v O'Connor*, 242 AD2d 908, 910, *lv denied* 91 NY2d 895), and the search that led to the discovery of the cocaine was proper as incident to an arrest.

We further conclude that defendant's statement to the police was voluntarily made. Defendant waived his *Miranda* rights and agreed to speak with the police. The record does not indicate that coercive measures were used. Although the record suggests that the officers discussed the options of defendant if he made a statement, "there was no evidence of a promise that defendant would not be prosecuted or that he would receive lenient treatment" (*People v Sachs*, 280 AD2d 966, 966, *lv denied* 96 NY2d 834). Present—Pine, J.P., Hayes, Hurlbutt, Burns and Lawton, JJ.