THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINIQUE HOLLEŸ, Appellant. [888 NYS2d 832]—

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered July 24, 2008. The judgment convicted defendant, after a nonjury trial, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminally using drug paraphernalia in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her after a nonjury trial of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]) and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]). Defendant made only a general motion for a trial order of dismissal and thus failed to preserve for

our review her contention that the evidence is legally insufficient to establish her constructive possession of the cocaine found in the apartment where the police executed a search warrant (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v Alejandro*, 60 AD3d 1381 [2009], *lv denied* 12 NY3d 850 [2009]). In any event, defendant's contention lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The evidence established that defendant was in the apartment when the search warrant was executed, and the police found women's clothing and bills from the gas company addressed to defendant at that apartment. We thus conclude that the evidence is legally sufficient to establish defendant's constructive possession of the cocaine (*see People v Patterson*, 13 AD3d 1138, 1139 [2004], *lv denied* 4 NY3d 801 [2005]). The trier of fact was entitled to discredit the testimony of defendant that she had moved out of the apartment a few weeks earlier and had simply left behind some "old clothes" and other "garbage stuff" (*see generally People v Young*, 197 AD2d 874, 874-875 [1993], *lv denied* 82 NY2d 854 [1993]). Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Present—Scudder, P.J., Centra, Fahey, Green and Gorski, JJ.