# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

173
KA 14-00730
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BRANDYN T. BRADLEY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MEGHAN E. LEYDECKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered March 25, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant's sole contention is that Supreme Court erred in refusing to suppress physical evidence seized from him and his statements to the police on the ground that the initial approach by a police officer was unlawful. We reject that contention. It is well established that, in evaluating police conduct, we "must determine whether the action taken was justified in its inception and at every subsequent stage of the encounter" (*People v Nicodemus*, 247 AD2d 833, 835, *lv denied* 92 NY2d 858, citing *People v De Bour*, 40 NY2d 210, 215). "The minimal intrusion of approaching to request information is permissible when there is some objective credible reason for that interference not necessarily indicative of criminality" (*De Bour*, 40 NY2d at 223; *see People v McIntosh*, 96 NY2d 521, 525; *People v Hollman*, 79 NY2d 181, 184). Here, the testimony at the suppression hearing established that the officer and his partner were on routine patrol in Buffalo when the officer observed known members of two different gangs congregating outside a residence on Davidson Avenue. According to the officer, one of the gang members was in a neighborhood occupied by the other gang, the neighborhoods in which each gang operated were not particularly close, and the officer had never seen members of those gangs interacting before. The officer testified that this unusual situation raised his suspicion because he was unsure whether the gang members were "starting anything, or what

was going on" outside the residence.  When the officer exited his patrol vehicle and approached the residence to request information, he observed defendant—who was unknown to the officer at that time and had been sitting on the porch—turn away, ring the doorbell, and begin to pull a handgun out of his pocket.  The officer eventually seized the handgun, and defendant was arrested.  Contrary to defendant's contention, we conclude that the officer's testimony establishes that he "[did] not act on whim or caprice and [had] an articulable reason not necessarily related to criminality for making the approach" (*Hollman*, 79 NY2d at 190; *see generally De Bour*, 40 NY2d at 213).

Entered:  March 18, 2016                          Frances E. Cafarell
                                                  Clerk of the Court