# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**823**

**KA 13-01651**

PRESENT: PERADOTTO, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

ANIBAL SANTIAGO, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (EVAN HANNAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered June 4, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), defendant contends that County Court erred in refusing to suppress evidence seized by the police, including the firearm that he was charged with possessing. We reject that contention inasmuch as the police had reasonable suspicion to stop defendant based on a confidential informant's tip and their own confirmatory observations. "Specifically, because [the evidence in the record establishes] that the tip was reliable under the totality of the circumstances, satisfied the two-pronged *Aguilar-Spinelli* test for the reliability of hearsay tips in this particular context and contained sufficient information about defendant['s] unlawful possession of a weapon to create reasonable suspicion," we conclude that the stop was legal (*People v Argyris*, 24 NY3d 1138, 1140-1141, *rearg denied* 24 NY3d 1211, *cert denied* ___US ___, 136 S Ct 793). Contrary to defendant's contention, the confidential informant's basis of knowledge was sufficiently established at the in camera *Darden* hearing (*see People v Darden*, 34 NY2d 177). Having reviewed the *Darden* hearing testimony, we conclude that the information from the informant, "in its totality, provided ample basis to conclude that the informant had a basis for his or her knowledge that defendant was in possession of a weapon" (*People v Knight*, 94 AD3d 1527, 1528-1529, *lv denied* 19 NY3d 998 [internal quotation marks omitted]). In addition, the court made available to defendant its "Summary Report" with

respect to the existence of the informant and the communications made by the informant to the police, and that report established that the information provided by the informant had "sufficient indicia of reliability" to allow the officer to credit it (*People v Gonzalez*, 63 AD3d 1609, 1609, *lv denied* 13 NY3d 796).  The People further established that the informant was reliable inasmuch as he "had provided accurate information to the police on many occasions in the past" (*Knight*, 94 AD3d at 1529).

We reject defendant's further contention that the information provided by the confidential informant was insufficient to support the stop and detention.  We conclude that, at a minimum, the officers had reasonable suspicion to stop and detain defendant forcibly based on the totality of the circumstances, including the call from the confidential informant providing a general description of the perpetrator of the crime, the proximity of defendant to the site of the crime, the brief period of time between the crime and the discovery of defendant near the location of the crime, and the officers' observations of defendant, who matched the description provided by the confidential informant (*see id.*).  Defendant's flight in response to the officers' attempts to stop him further established the informant's reliability, and provided at least a reasonable suspicion justifying the pursuit and forcible detention of defendant (*see id.; see generally People v Woods*, 98 NY2d 627, 628-629; *People v De Bour*, 40 NY2d 210, 223).  In light of the foregoing, we do not address the propriety of the court's alternative basis for denying that part of defendant's omnibus motion seeking to suppress evidence seized by the police.

Entered:  September 30, 2016                    Frances E. Cafarell
                                                Clerk of the Court