# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**517**

**KA 08-02360**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND SCUDDER, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MELCHI N. JONES, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered May 15, 2008. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), defendant contends that the jury failed to weigh the evidence properly in determining that defendant constructively possessed the weapon. We reject that contention. In order to establish that a defendant has constructive possession of tangible property, "the People must show that the defendant exercised 'dominion or control' over the property by a sufficient level of control over the area in which the contraband is found or over the person from whom the contraband is seized" (*People v Manini*, 79 NY2d 561, 573; *see* Penal Law § 10.00 [8]). Here, there was ample evidence from which the jury could conclude that defendant constructively possessed the gun.

The weapon was recovered during the execution of a search warrant for the downstairs apartment of a two-family residence owned by defendant. At the time the warrant was executed, defendant was the sole occupant of the apartment. Defendant was not wearing any shoes and, before he exited the apartment, he asked the police officers to give him a pair of size 11½ shoes that were located in the kitchen. The officers testified that there were at least three other pairs of size 11½ shoes in one of the bedrooms. Multiple documents bearing defendant's name, including a W-2 tax form, were located inside the apartment. Additionally, defendant had been observed entering the downstairs apartment during prior surveillance of the apartment.

Viewing the evidence in light of the elements of this possessory crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see People v Davis*, 101 AD3d 1778, 1779-1780, *lv denied* 20 NY3d 1060; *People v Holley*, 67 AD3d 1438, 1439, *lv denied* 14 NY3d 801; *see generally People v Bleakley*, 69 NY2d 490, 495).

Contrary to defendant's further contention, County Court properly refused to suppress evidence seized by the police inasmuch as the confidential informant's existence and basis of knowledge were sufficiently established at the in camera *Darden* hearing (*see People v Darden*, 34 NY2d 177, 181). Following our review of the sealed transcript of the *Darden* hearing, as well as the court's summary report, we conclude that the court properly determined that "the informant existed and that he provided the information to the police concerning the [presence of a gun] at the specified location" (*People v Wilson*, 48 AD3d 1099, 1100, *lv denied* 10 NY3d 845; *see People v Santiago*, 142 AD3d 1390, 1390-1391, *lv denied* 28 NY3d 1127; *People v Brown* [appeal No. 1], 93 AD3d 1231, 1231, *lv denied* 19 NY3d 958).

Entered:  April 28, 2017                          Frances E. Cafarell
                                                  Clerk of the Court