People v Pettiford (2019 NY Slip Op 04620)





People v Pettiford


2019 NY Slip Op 04620


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


1469 KA 16-00801

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EDWARD PETTIFORD, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered March 28, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that Supreme Court erred in refusing to suppress, as the fruit of an unlawful search and seizure, the gun that was found in the vehicle in which defendant was a passenger and the cocaine that was subsequently found on defendant's person during a search incident to his arrest. The charges against defendant arose after the police, who were investigating a recent stabbing, encountered defendant in a vehicle matching the description and anticipated location of the stabbing suspect's vehicle given in a police dispatch.
We conclude that the police conduct was justified in its inception and at every subsequent stage of the encounter leading to defendant's arrest (see People v Bradley, 137 AD3d 1611, 1611 [4th Dept 2016], lv denied 27 NY3d 1128 [2016]; see generally People v De Bour, 40 NY2d 210, 222-223 [1976]). Contrary to defendant's contention, the police action in pulling up behind the subject vehicle, which had parked in defendant's driveway after passing the officers' patrol car, constituted only a level two intrusion (see People v Spencer, 84 NY2d 749, 753 [1995], cert denied 516 US 905 [1995]; People v Harrison, 57 NY2d 470, 475 [1982]) despite the fact that a police vehicle blocked the subject vehicle's egress from the driveway (see People v Ruiz, 100 AD3d 451, 451 [1st Dept 2012], lv denied 20 NY3d 1065 [2013]; People v Thomas, 19 AD3d 32, 35 [1st Dept 2005], lv denied 5 NY3d 795 [2005]). The police at that point had the requisite founded suspicion to justify the level two intrusion.
The police escalated the encounter to a level three intrusion when they approached defendant, who had begun to exit the vehicle, and ordered him to remain in the vehicle (see Harrison, 57 NY2d at 475-476; see also Thomas, 19 AD3d at 36). Evaluating the totality of the circumstances (see People v Simmons, 30 NY3d 957, 958 [2017]), we conclude that the police conduct was justified by the officers' reasonable suspicion that defendant was the suspect described in the dispatch (see generally De Bour, 40 NY2d at 223). The officers found defendant less than two miles away from the scene of the stabbing, which had occurred approximately 20 minutes earlier. Defendant's gender, race, height, and weight matched the description of the stabbing suspect. Furthermore, witnesses at the scene of the stabbing informed the police that the suspect left the scene in a small silver vehicle driven by a black female and that the vehicle may have been headed toward a residence on Mark Avenue. Defendant was a passenger in a silver vehicle driven by a black female, and the driveway in which the driver parked the vehicle was 50 to 75 yards from Mark Avenue. Under those circumstances, the police [*2]reasonably concluded that defendant was the suspect for whom they were looking (see People v Santiago, 142 AD3d 1390, 1391 [4th Dept 2016], lv denied 28 NY3d 1127 [2016]; People v Powell, 101 AD3d 1783, 1785 [4th Dept 2012], lv denied 20 NY3d 1102 [2013]; People v Moss, 89 AD3d 1526, 1527 [4th Dept 2011], lv denied 18 NY3d 885 [2012]). In light of the report that the suspect was armed with a knife, we further conclude that, upon asking defendant to exit the vehicle, the police lawfully frisked him for weapons (see De Bour, 40 NY2d at 223; People v Thompson, 132 AD3d 1364, 1364-1365 [4th Dept 2015], lv denied 27 NY3d 1156 [2016]).
We reject defendant's claim that the police conduct was unreasonable because the officers failed to use an available, less intrusive procedure to establish his identity and verify whether he was the person described by the witnesses to the stabbing (see generally People v Pruitt, 158 AD3d 1138, 1139-1140 [4th Dept 2018], lv denied 31 NY3d 1120 [2018]). Both of defendant's suggested procedures, i.e., that the police could have searched computer databases for his photograph or conducted a showup procedure with witnesses from the stabbing scene, would have entailed removing defendant from the vehicle so that his facial features and build could be seen, either by the police or by witnesses, and thus were no less intrusive than the procedure used by the officers.
We agree with the People that defendant failed to establish standing to challenge the consent to search the vehicle given to the police by the driver thereof (see People v Reynolds, 216 AD2d 883, 883 [4th Dept 1995], lv denied 86 NY2d 801 [1995], citing People v Ponder, 54 NY2d 160, 164-166 [1981]). In any event, the record establishes that the driver voluntarily consented to the search of the vehicle that yielded the gun under the front passenger seat (see People v Washington, 50 AD3d 1539, 1540 [4th Dept 2008], lv denied 11 NY3d 742 [2008]). Upon determining that defendant did not possess a valid firearms permit, the police had probable cause to arrest him (see De Bour, 40 NY2d at 223) and then search his person incident to that lawful arrest (see People v Pace, 143 AD3d 1286, 1287 [4th Dept 2016], lv denied 28 NY3d 1149 [2017]).
We have examined defendant's remaining claims and conclude that none warrants reversal or modification of the judgment.
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court