People v Rolldan (2019 NY Slip Op 06913)





People v Rolldan


2019 NY Slip Op 06913


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, TROUTMAN, AND WINSLOW, JJ.


820 KA 17-01780

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT
v
INALIA ROLLDAN, ALSO KNOWN AS SKY, DEFENDANT-APPELLANT. 






LINDSEY M. PIEPER, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered December 21, 2016. The judgment convicted defendant, upon a jury verdict, of kidnapping in the second degree (two counts), criminal use of a firearm in the first degree, criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of criminal use of a firearm in the first degree, criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree and dismissing counts 28, 30, and 32 of the indictment against her and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of two counts of kidnapping in the second degree (Penal Law § 135.20), and one count each of criminal use of a firearm in the first degree (§ 265.09 [1] [a]), criminal possession of a weapon in the third degree (§ 265.02 [3]), and criminal possession of a weapon in the fourth degree (§ 265.01 [2]). Defendant's contention that Supreme Court should have severed her trial from that of her codefendants is not preserved for our review because her pretrial motion for severance was based on different grounds than the grounds she now raises on appeal (see People v Howie, 149 AD3d 1497, 1499 [4th Dept 2017], lv denied 29 NY3d 1128 [2017]; People v Wooden, 296 AD2d 865, 866 [4th Dept 2002], lv denied 99 NY2d 541 [2002]). We decline to exercise our power to review her contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Contrary to defendant's further contention, the evidence is legally sufficient to support her conviction of kidnapping in the second degree. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a valid line of reasoning and permissible inferences to support the conclusion that defendant had "a shared intent, or community of purpose' with the principal[s]" (People v Carpenter, 138 AD3d 1130, 1131 [2d Dept 2016], lv denied 28 NY3d 928 [2016], quoting People v Cabey, 85 NY2d 417, 421 [1995]). Defendant was present in a house when the police raided it and rescued two victims who were being held captive there, and the identification of one of the victims was found in a backpack that defendant was wearing when the police entered the house. It could be readily inferred from the evidence that defendant was aware that the victims were being held there and that she intentionally aided the principals by providing them and the victims with food (see generally Penal Law § 20.00). In addition, viewing the evidence in light of the elements of kidnapping in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We agree with defendant, however, that the evidence is legally insufficient to support her conviction of the counts of criminal use of a firearm in the first degree, criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree, and we therefore modify the judgment accordingly. Those counts were based on her possession of a rifle that was found in the house after the police entered. To establish constructive possession of the weapon, the People had to establish that defendant "exercised dominion or control over [the weapon] by a sufficient level of control over the area in which [it was] found" (People v Everson, 169 AD3d 1441, 1442 [4th Dept 2019], lv denied 33 NY3d 1068 [2019] [internal quotation marks omitted]; see People v Manini, 79 NY2d 561, 573 [1992]; People v Jones, 149 AD3d 1580, 1580 [4th Dept 2017], lv denied 29 NY3d 1129 [2017]). Here, the evidence established that, prior to the arrival of the police, defendant was sitting in the living room of the house, the rifle was on a table in the living room, and one of the other perpetrators in the kidnapping put on a mask, grabbed the rifle, went to the room where the victims were being held, then came back to the living room and put the rifle back on the table. Contrary to the People's contention, that evidence is insufficient to establish that defendant had constructive possession of the weapon. A defendant's mere presence in the house where the weapon is found is insufficient to establish constructive possession (see Everson, 169 AD3d at 1442-1443), and there was no evidence establishing that defendant exercised dominion or control over the weapon (see People v Carmichael, 68 AD3d 1704, 1704-1705 [4th Dept 2009], lv denied 14 NY3d 798 [2010]; cf. Everson, 169 AD3d at 1442-1443; Jones, 149 AD3d at 1580-1581).
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court