People v Atkinson (2021 NY Slip Op 51156(U))

[*1]

People v Atkinson (Lamont)

2021 NY Slip Op 51156(U) [73 Misc 3d 137(A)]

Decided on November 18, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 18, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., ELIZABETH H. EMERSON, HELEN
VOUTSINAS, JJ

2018-2585 W CR

The People of the State of New York,
Respondent,
against
Lamont Atkinson, Appellant. 

Calhoun & Lawrence, LLP (Clinton W. Calhoun, III of counsel), for appellant.
Westchester County District Attorney (Jill Oziemblewski and William C. Milaccio of counsel),
for respondent.

Appeal from a judgment of the City Court of White Plains, Westchester County (Brian
Hansbury, J.), rendered November 20, 2018. The judgment, insofar as appealed from as limited
by the brief, convicted defendant, upon a jury verdict, of criminal possession of a controlled
substance in the seventh degree, and imposed sentence.

ORDERED that the judgment of conviction, insofar as appealed from, is affirmed.
Defendant was charged with two counts of criminal possession of a controlled substance in
the seventh degree (Penal Law § 220.03). After a jury trial, defendant was convicted of the
charges. As limited by his brief, defendant only challenges his conviction of criminal possession
of a controlled substance in the seventh degree in connection with phencyclidine found in the
freezer portion of a refrigerator.
Defendant's contention that the evidence was legally insufficient to establish his constructive
possession of the phencyclidine is unpreserved for appellate review, as defendant made only a
general motion for a trial order of dismissal (see CPL 470.05 [2]; People v
Hawkins, [*2]11 NY3d 484, 492 [2008]; People v
Gray, 86 NY2d 10, 19-20 [1995]). In any event, viewing the evidence in the light most
favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find
defendant's contention to be without merit. The evidence was sufficient for the jury to conclude
that defendant exercised dominion and control over the drugs seized from the freezer (see People v Holley, 67 AD3d
1438, 1439 [2009]; cf. People v Swain, 241 AD2d 695, 696 [1997]). Moreover, in
fulfilling our responsibility to conduct an independent review of the weight of the evidence
(see CPL 470.15 [5]; People v
Danielson, 9 NY3d 342 [2007]), we accord great deference to the jury's opportunity to
view the witnesses, hear their testimony, and observe their demeanor (see People v Lane, 7 NY3d 888,
890 [2006]; People v Mateo, 2 NY3d 383, 409 [2004]; People v Bleakley, 69
NY2d 490, 495 [1987]). Upon a review of the record, we are satisfied that the verdict was not
against the weight of the evidence (see
People v Romero, 7 NY3d 633 [2006]).
Defendant's challenge to the court's Sandoval ruling (see People v Sandoval,
34 NY2d 371 [1974]) is without merit.
Accordingly, the judgment of conviction, insofar as appealed from, is affirmed.
RUDERMAN, P.J., EMERSON and VOUTSINAS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 18, 2021