People v Hensley (2024 NY Slip Op 02650)

People v Hensley

2024 NY Slip Op 02650

Decided on May 10, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, OGDEN, AND DELCONTE, JJ.

958 KA 22-01388

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GARY W. HENSLEY, DEFENDANT-APPELLANT. 

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.
DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (VINCENT A. HEMMING OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered December 15, 2021. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (four counts), criminal possession of stolen property in the third degree, criminal possession of stolen property in the fourth degree (two counts) and criminal possession of stolen property in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reversing that part convicting defendant of criminal possession of stolen property in the fifth degree, dismissing count 7 of the indictment, reducing the conviction of criminal possession of stolen property in the third degree (Penal Law § 165.50) to criminal possession of stolen property in the fifth degree (§ 165.40), vacating the sentence imposed on count 1 of the indictment and imposing a definite sentence of 364 days on that count, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of four counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3] [counts 2, 3, 8 and 9 of the indictment]), one count of criminal possession of stolen property in the third degree (§ 165.50 [count 1 of the indictment]), two counts of criminal possession of stolen property in the fourth degree (§ 165.45 [4] [counts 4 and 5 of the indictment]), and one count of criminal possession of stolen property in the fifth degree (§ 165.40 [count 7 of the indictment]). The conviction arises from the seizure of various handguns and other stolen property from a storage unit used by defendant and from a residence where he used to live.
Defendant contends that his conviction is not supported by legally sufficient evidence for a number of reasons. Initially, with respect to counts 1 through 5, 8 and 9 of the indictment, which relate to the items seized from the storage unit, he contends that the People failed to establish his constructive possession of those items because he was incarcerated at the time they were seized. We reject that contention. In order to establish that a defendant has constructive possession of tangible property, "the People must show that the defendant exercised 'dominion or control' over the property by a sufficient level of control over the area in which the contraband is found or over the person from whom the contraband is seized" (People v Manini, 79 NY2d 561, 573 [1992]; see Penal Law § 10.00 [8]; People v Jones, 149 AD3d 1580, 1580 [4th Dept 2017], lv denied 29 NY3d 1129 [2017]). Here, there was ample evidence from which the jury could conclude that defendant constructively possessed the items seized from the storage unit (see Jones, 149 AD3d at 1580).
With respect to defendant's conviction of criminal possession of stolen property in the fifth degree under count 7 of the indictment, however, we agree with defendant, as he asserts in his reply brief, that there is legally insufficient evidence establishing that he constructively possessed the items seized from his previous residence. Although defendant failed to develop that contention adequately in his main brief (see People v Jones, 2 AD3d 1397, 1399 [4th Dept [*2]2003], lv denied 2 NY3d 742 [2004]), we nevertheless reach the issue (see CPL 470.15 [1], [4] [b]; see also People v Bunnell, 59 AD3d 942, 943 [4th Dept 2009], amended on rearg 63 AD3d 1671 [4th Dept 2009], amended 63 AD3d 1727 [4th Dept 2009]; People v Workman, 56 AD3d 1155, 1156 [4th Dept 2008], lv denied 12 NY3d 789 [2009]), and we conclude that the evidence at trial failed to establish that "defendant exercised dominion or control over the property [seized from the former residence] by a sufficient level of control over the area in which [it was] found" (Jones, 149 AD3d at 1580 [internal quotation marks omitted]; see People v Gautreaux-Perez, 31 AD3d 1209, 1210 [4th Dept 2006]). We therefore modify the judgment by reversing that part convicting defendant of criminal possession of stolen property in the fifth degree and dismissing count 7 of the indictment.
We reject defendant's remaining contentions concerning the alleged legal insufficiency of the evidence supporting the conviction under counts 2 through 5, 8 and 9 of the indictment, which relate to the handguns found in the storage unit (see People v Bleakley, 69 NY2d 490, 495 [1987]). In addition, viewing the evidence in light of the elements of criminal possession of a weapon in the second degree and criminal possession of stolen property in the fourth degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to those counts is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We agree with defendant that, with respect to his conviction of criminal possession of stolen property in the third degree under count 1 of the indictment, there is legally insufficient evidence establishing the value of the items seized from the storage unit. Although defendant did not preserve that issue for our review, we exercise our power to address it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). "A person is guilty of criminal possession of stolen property in the third degree when [that person] knowingly possesses stolen property, with intent to benefit [that person] or a person other than an owner thereof or to impede the recovery by an owner thereof, and when the value of the property exceeds three thousand dollars" (Penal Law § 165.50; see People v Pierce, 14 NY3d 564, 574 [2010]). It is well settled that "a victim must provide a basis of knowledge for [their] statement of value before it can be accepted as legally sufficient evidence of such value" (People v Lopez, 79 NY2d 402, 404 [1992]). "Conclusory statements and rough estimates of value are not sufficient" to establish the value of the property (People v Loomis, 56 AD3d 1046, 1047 [3d Dept 2008]; see People v Walker, 119 AD3d 1402, 1402-1403 [4th Dept 2014]; People v Pallagi, 91 AD3d 1266, 1269 [4th Dept 2012]). Although the People elicited some valuation testimony from the victims at trial, such testimony did not include the basis for the victims' knowledge of the value of most of the items in the storage unit (see People v Slack, 137 AD3d 1568, 1569 [4th Dept 2016], lv denied 27 NY3d 1139 [2016]; cf. People v Grant, 189 AD3d 2112, 2114 [4th Dept 2020], lv denied 37 NY3d 956 [2021]; People v Pepson, 61 AD3d 1399, 1400 [4th Dept 2009], lv denied 12 NY3d 919 [2009]). We conclude on this record that the evidence is legally insufficient to establish that the value of the property taken exceeded $3,000 (see Slack, 137 AD3d at 1570). The evidence is legally sufficient, however, to establish that defendant committed the lesser included offense of criminal possession of stolen property in the fifth degree (see § 165.40). We therefore further modify the judgment by reducing the conviction under count 1 of the indictment to that crime, for which proof of value of the stolen items is not required (see Slack, 137 AD3d at 1570; People v Miller, 174 AD2d 989, 990 [4th Dept 1991], lv denied 78 NY2d 1078 [1991]). We note that, because defendant has already served the maximum term of incarceration allowed for that offense, there is no need to remit the matter to County Court for resentencing on count 1 of the indictment (see People v McKinney, 91 AD3d 1300, 1300 [4th Dept 2012]). Rather, in the interest of judicial economy, we further modify the judgment by vacating the sentence imposed on count 1 of the indictment and imposing the maximum sentence allowed for a class A misdemeanor, i.e., a definite sentence of 364 days.
Finally, defendant was properly determined to be a persistent violent felony offender (see People v Barnes, 156 AD3d 1417, 1420 [4th Dept 2017], lv denied 31 NY3d 1078 [2018]), and we conclude that the sentence imposed with respect to counts 2 through 5, 8 and 9 of the indictment is not unduly harsh or severe.
Entered: May 10, 2024
Ann Dillon Flynn
Clerk of the Court