■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP L. GRAYSON, Appellant. [698 NYS2d 773] —Crew III, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered November 27, 1995, upon a verdict convicting defendant of the crime of criminally negligent homicide.

On September 8, 1994 defendant, who was alone with his six-month-old son, observed that the baby was not breathing and called 911. In response, an ambulance took the baby to a local hospital, from which he was flown to Buffalo Children's Hospital in the City of Buffalo, Erie County, where he went into cardiovascular arrest and died. Death was attributed to a massive diffuse injury to the brain as a consequence of violent shaking. Defendant thereafter was indicted and charged with criminally negligent homicide. Following a jury trial, defendant was convicted as charged and sentenced to an indeterminate term of imprisonment of 1 to 3 years. Defendant now appeals.

Defendant contends, *inter alia*, that he was denied effective

assistance of counsel in that his attorney failed to call Winston Peters who, two or three weeks prior to September 8, 1994, allegedly saw a child drop defendant's son on his head. We disagree. The record makes plain that the prosecution made defense counsel aware of Peters' existence and that defense counsel interviewed him with regard to the alleged incident. The record also reveals that defense counsel was unable to establish medically that such incident was causally related to the massive injuries observed by the various medical personnel at the time the baby was being treated. Accordingly, defense counsel determined not to call Peters as a witness. It is axiomatic that in order for defendant to prevail on his claim of ineffective assistance of counsel, he must demonstrate the absence of strategic or other legitimate explanations for counsel's failure to call a witness, which he has not done (*see, People v Rivera*, 71 NY2d 705, 708-709). We have reviewed defendant's remaining contentions and find them to be equally without merit.

Mikoll, J. P., Yesawich Jr., Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed.