# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1336

KA 13-00745

PRESENT: CENTRA, J.P., FAHEY, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

LONNIE SPEARS, DEFENDANT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered November 13, 2012. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant was indicted for his alleged involvement in a robbery and burglary, but the jury convicted him only of the single weapons count.

Defendant made only a general motion to dismiss the indictment for "facial insufficiency," and he thus failed to preserve for our review the contentions he now advances on appeal (*see People v Gray*, 86 NY2d 10, 20-21; *People v Morris*, 217 AD2d 941, 941, *lv denied* 87 NY2d 849; *see generally* CPL 200.50 [7]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). In addition, defendant's contention that the indictment did not adequately specify the county in which the alleged crime occurred is raised for the first time in his reply brief and is therefore not properly before us (*see Matter of Sedita v Sacha*, 99 AD3d 1259, 1260).

Defendant contends that the evidence is not legally sufficient to support the conviction inasmuch as the People failed to adduce any evidence at trial that the firearm at issue was operable and loaded with live ammunition. That contention is not preserved for our review (*see Gray*, 86 NY2d at 19) and, in any event, lacks merit. Although the firearm was never recovered, we conclude that the People supplied the necessary proof through circumstantial evidence, i.e., "eyewitness

testimony and surrounding circumstances" (*People v Samba*, 97 AD3d 411, 414, *lv denied* 20 NY3d 1065).  Viewing the evidence in light of the elements of the crime as charged to the jury, we reject defendant's further contention that the verdict is against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 349; *People v Bleakley*, 69 NY2d 490, 495).

Defendant failed to preserve for our review his further contention that the verdict is repugnant inasmuch as he failed to object to the alleged repugnancy of the verdict before the jury was discharged (*see People v Ali*, 89 AD3d 1417, 1420, *lv denied* 18 NY3d 922; *see also People v Lurcock*, 219 AD2d 797, 798, *lv denied* 88 NY2d 881).  In any event, we conclude that the contention lacks merit (*see People v Tucker*, 55 NY2d 1, 7, *rearg denied* 55 NY2d 1039; *People v McLaurin*, 50 AD3d 1515, 1516; *see also People v Clanton*, 19 AD3d 1035, 1035-1036, *lv denied* 5 NY3d 804).

The sentence is not unduly harsh or severe.  We have examined defendant's remaining contentions and conclude that they lack merit.

Entered:  February 6, 2015                    Frances E. Cafarell
                                              Clerk of the Court