People v Redmond (2020 NY Slip Op 02410)





People v Redmond


2020 NY Slip Op 02410


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND BANNISTER, JJ.


303 KA 16-01333

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CORY REDMOND, DEFENDANT-APPELLANT.






EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (PAUL A. MEABON OF COUNSEL), FOR DEFENDANT-APPELLANT.
CORY REDMOND, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DARIENN P. BALIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered May 20, 2016. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree, menacing a police officer or peace officer, assault in the second degree, criminal mischief in the second degree and menacing in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), menacing a police officer or peace officer (§ 120.18), assault in the second degree (§ 120.05 [2]), and criminal mischief in the second degree (§ 145.10). Defendant's conviction stems from a series of incidents in which he, inter alia, engaged in threatening behavior toward members of the Onondaga County Sheriff's Office. In his main brief, defendant contends that Supreme Court erred in allowing the People, on cross-examination of a defense witness, to play portions of a recorded jailhouse telephone call between defendant and that witness to establish that she lied during her testimony regarding whether she had called a prosecution witness about one of the incidents. Defendant's contention is not preserved for our review inasmuch as he objected at trial on different grounds from those raised on appeal (see CPL 470.05 [2]). In any event, we conclude that his contention is without merit. In general, a party who is cross-examining a witness cannot contradict the witness's answers concerning collateral matters by introducing extrinsic evidence for the sole purpose of impeaching the witness's credibility (see People v Pavao, 59 NY2d 282, 288-289 [1983]). However, extrinsic proof tending to establish a witness's bias or reason to fabricate is never collateral (see People v Spencer, 20 NY3d 954, 956 [2012]; People v Anonymous, 96 NY2d 839, 840 [2001]; People v Hudy, 73 NY2d 40, 56-57 [1988]). The court properly exercised its discretion in allowing the use of the jail call because it did not concern a collateral matter and tended to demonstrate the defense witness's bias (see People v Nicholson, 118 AD3d 1423, 1424 [4th Dept 2014], affd 26 NY3d 813 [2016]).
Defendant further contends in his main brief that he was denied a fair trial by prosecutorial misconduct. As defendant correctly concedes, most of the alleged instances of prosecutorial misconduct have not been preserved for our review (see CPL 470.05 [2]; People v Davis, 155 AD3d 1527, 1530 [4th Dept 2017], lv denied 31 NY3d 1012 [2018]). In any event, we conclude that any improprieties were not so egregious as to deny defendant a fair trial (see People v Garner, 145 AD3d 1573, 1574 [4th Dept 2016], lv denied 29 NY3d 1031 [2017]). We further conclude that defendant was not denied effective assistance of counsel based on counsel's failure to preserve that contention for our review (see People v Smith, 150 AD3d 1664, 1667 [4th Dept 2017], lv denied 30 NY3d 953 [2017]).
Defendant's final contention in his main brief is that the verdict with respect to assault in the second degree and criminal mischief in the second degree is against the weight of the evidence. Viewing the evidence in light of the elements of those crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to those counts is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
In his pro se supplemental brief, defendant contends that, with respect to the last incident in question, the conviction of criminal possession of a weapon in the second degree is not supported by legally sufficient evidence that he possessed a loaded and operable firearm. We agree with defendant that his conviction of that crime required proof that he possessed a firearm that was both operable and loaded with live ammunition (see Penal Law § 265.03 [3]; People v Longshore, 86 NY2d 851, 852 [1995]; People v Spears, 125 AD3d 1401, 1402 [4th Dept 2015], lv denied 25 NY3d 1172 [2015]). Viewing the evidence in the light most favorable to the People (see generally People v Contes, 60 NY2d 620, 621 [1983]), however, we conclude that there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of that crime proved beyond a reasonable doubt (see Spears, 125 AD3d at 1402; see also People v Butler, 148 AD3d 1540, 1540 [4th Dept 2017], lv denied 29 NY3d 1090 [2017]). Multiple prosecution witnesses testified that they saw defendant hold a gun in the air and discharge at least one shot from that gun. Contrary to the further contention of defendant in his pro se supplemental brief, viewing the evidence in light of the elements of criminal possession of a weapon in the second degree and menacing a police officer or peace officer as charged to the jury (see Danielson, 9 NY3d at 349), we conclude that the verdict is not against the weight of the evidence with respect to those counts (see generally Bleakley, 69 NY2d at 495).
We reject defendant's contention in his pro se supplemental brief that the court erred in refusing to sever counts of the indictment relating to the separate incidents. The offenses were properly joined under CPL 200.20 (2) (b), and thus the court lacked the statutory authority to sever (see People v Clark, 128 AD3d 1494, 1495 [4th Dept 2015], lv denied 26 NY3d 966 [2015]; People v Cornell, 17 AD3d 1010, 1011 [4th Dept 2005], lv denied 5 NY3d 805 [2005]). We reject defendant's further contention in his pro se supplemental brief that the court erred in imposing consecutive sentences in connection with the last incident for criminal possession of a weapon in the second degree and menacing a police officer or peace officer. "[W]here a defendant is charged with criminal possession of a weapon pursuant to Penal Law § 265.03 (3), as well as a crime involving use of that weapon, [s]o long as [the] defendant knowingly unlawfully possesses a loaded firearm before forming the intent to cause a crime with that weapon, the possessory crime has already been completed, and consecutive sentencing is permissible' " (People v Lozada, 164 AD3d 1626, 1627 [4th Dept 2018], lv denied 32 NY3d 1174 [2019], quoting People v Brown, 21 NY3d 739, 751 [2013]). Here, the trial testimony established that defendant was walking his sister's dog while carrying a lacrosse stick when he came upon the scene of a fire. After several minutes of yelling and waving the lacrosse stick in the direction of the firefighters and officers, defendant pulled a gun from the area of his waist, raised the gun in the air, and fired at least one shot. We conclude that there was a completed possession of the firearm for purposes of section 265.03 (3) before defendant decided to fire a shot into the air, and thus consecutive sentences were permissible (see People v Evans, 132 AD3d 1398, 1399 [4th Dept 2015], lv denied 26 NY3d 1087 [2015]).
Finally, contrary to defendant's contention in his pro se supplemental brief, the sentence imposed is not unduly harsh or severe.
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court