People v Magee (2020 NY Slip Op 02396)





People v Magee


2020 NY Slip Op 02396


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


99 KA 18-00713

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DETAVION MAGEE, DEFENDANT-APPELLANT.






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered July 13, 2017. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, after a nonjury trial, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We affirm.
Insofar as defendant contends that the People failed to present legally sufficient evidence establishing that the handgun allegedly in his possession was operable and loaded with live ammunition, we conclude that he failed to preserve that contention for our review (see CPL 470.05 [2]; People v Spears, 125 AD3d 1401, 1402 [4th Dept 2015], lv denied 25 NY3d 1172 [2015]). Although defendant preserved for our review his contention that the evidence is legally insufficient to establish that he possessed a loaded firearm at all, we reject that contention (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Furthermore, viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495; People v Nicholas, 130 AD3d 1314, 1315 [3d Dept 2015]). The victim's teenage sister testified that she saw defendant fire a handgun during a gunfight that took place near her home, and two other witnesses testified that they saw a man matching defendant's description fire a handgun. Although the police did not recover a handgun, they did recover several shell casings, including some from a small caliber gun. Thus, "the People supplied the necessary proof through circumstantial evidence, i.e., eyewitness testimony and surrounding circumstances,' " establishing that defendant possessed a loaded and operable firearm at the location and time of the incident (Spears, 125 AD3d at 1402; see People v Butler, 140 AD3d 1610, 1610-1611 [4th Dept 2016], lv denied 28 NY3d 969 [2016]; People v Singletary, 11 AD3d 567, 568 [2d Dept 2004], lv denied 4 NY3d 748 [2004]). Although defendant contends that the victim's sister was not credible, County Court explicitly found her testimony to be "credible and compelling," and such a determination is entitled to great deference (see People v Howard, 101 AD3d 1749, 1750 [4th Dept 2012], lv denied 21 NY3d 944 [2013]), given the court's "opportunity to view the witness, hear the testimony and observe demeanor' " (People v Collins, 70 AD3d 1366, 1367 [4th Dept 2010], lv denied 14 NY3d 839 [2010]).
We similarly reject defendant's contention that he was denied effective assistance of counsel. With respect to defense counsel's alleged conflict of interest, defendant did not meet his burden of "establishing that the conduct of his defense was in fact affected by the operation of the [alleged] conflict of interest" (People v Pohl, 160 AD3d 1453, 1454 [4th Dept 2018], lv [*2]denied 32 NY3d 940 [2018] [internal quotation marks omitted]; see People v Pandajis, 147 AD3d 1469, 1470 [4th Dept 2017], lv denied 29 NY3d 1084 [2017]). In any event, the record establishes that the court, upon learning of the potential conflict of interest, conducted an inquiry "to ascertain, on the record, [that defendant] had an awareness of the potential risks involved in his continued representation by the attorney and had knowingly chosen to continue such representation" (People v Lombardo, 61 NY2d 97, 102 [1984]; see generally People v Gomberg, 38 NY2d 307, 313 [1975]).
With respect to defense counsel's conversation with the court regarding a letter that defendant had sent to the court, defendant failed to demonstrate the " absence of strategic or other legitimate explanations' " for defense counsel's allegedly deficient conduct (People v Benevento, 91 NY2d 708, 712 [1998]), especially in light of the fact that "defendant [repeatedly] indicated [at trial] that he was satisfied with the legal services provided to him" (People v Terry, 55 AD3d 1149, 1150 [3d Dept 2008], lv denied 11 NY3d 931 [2009]). In addition, with respect to defense counsel's alleged failure to call a potentially exculpatory witness, we conclude that defense counsel made a reasonable strategic decision not to call the witness in question based on an assessment that the witness was not present at the scene until after the gunfight ended and thus would not have provided testimony refuting the People's theory that defendant fired a handgun during the gunfight (see generally People v Grayson, 266 AD2d 740, 740-741 [3d Dept 1999], lv denied 94 NY2d 920 [2000]; People v Castricone, 239 AD2d 929, 929 [4th Dept 1997], lv denied 90 NY2d 1010 [1997]). Viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we conclude that defense counsel provided defendant with meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court