People v Wilson (2023 NY Slip Op 04053)

People v Wilson

2023 NY Slip Op 04053

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

512 KA 18-01885

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES R. WILSON, DEFENDANT-APPELLANT. 

MICHAEL JOS. WITMER, ROCHESTER, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered April 30, 2018. The judgment convicted defendant upon a nonjury verdict of criminal possession of a weapon in the second degree (two counts) and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]) and one count of endangering the welfare of a child (§ 260.10 [1]). Defendant contends that the verdict is against the weight of the evidence because the gun that was recovered was inoperable. To establish criminal possession of a handgun, the People must prove that the weapon was operable (see People v Longshore, 86 NY2d 851, 852 [1995]; People v Magee, 182 AD3d 996, 997 [4th Dept 2020], lv denied 35 NY3d 1028 [2020]). Here, a firearms examiner testified that the revolver was inoperable at the time it was examined because the hammer was stuck in the cocked position. He further testified, however, that the unfired cartridges that were recovered during the investigation had impressions on them that suggested possible misfires. One of the victims testified that a man fired shots at him and the second victim, and the second victim testified that defendant fired three shots at them and then continued to pull the trigger, but "nothing was happening." Viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, although a different finding would not have been unreasonable, it cannot be said that Supreme Court failed to give the evidence the weight it should be accorded (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The eyewitness testimony and the surrounding circumstances established that defendant possessed a loaded and operable firearm at the time of the incident (see Magee, 182 AD3d at 997; People v Redmond, 182 AD3d 1020, 1022 [4th Dept 2020], lv denied 35 NY3d 1048 [2020]; see generally People v Nelson, 177 AD3d 1258, 1260 [4th Dept 2019], lv denied 34 NY3d 1161 [2020]).
Defendant's remaining contentions are unpreserved for our review (see CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court